Estate of Wm. Wakefield, Deceased.

---

IN THE MATTER OF THE ESTATE OF WILLIAM WAKEFIELD, DECEASED.

*Personal liability of Administrator for non-payment of valid claim.*

Where an administrator, having knowledge of a valid claim against an estate, and having funds in his hands to pay it, pays all other claims in full, and without regard to their preference, thereby exhausting the funds in his hands, he is personally liable to the creditor for the full amount of his claim.

*Decided December* 10, 1885.

This cause came on for hearing on the application of C. H. Moore for an order to compel the administrator of Wm. Wakefield to pay his claim. It appeared from the evidence that Moore became the attorney for Wakefield in his life-time, and had rendered to him professional services; that after the death of Wakefield, Moore presented to the administrator his

account for such services, and the claim having been rejected, he brought suit thereon, and on June 1st, 1881, recovered a judgment against the estate for $1,219.50; and that the administrator has failed, neglected and refused to pay the same or any part thereof.

It also appeared that an inventory and appraisement was filed, showing the amount of the personal property to be of the value of $2,167.00, which came into his hands as such administrator. The bulk of this property, consisting of jewelry, was disposed of by him from time to time, in such manner and for such price as he felt disposed to receive, without any regard as to time, or place of sale, or the appraisement, and without complying with any of the statutory provisions on that subject.

It also appeared that he has paid all of the debts of the estate (except this claim) in full, and maintains now that there is no money in his hands to pay this claim, by reason of the estate being insolvent. It further appeared that he realized from the sale of such goods $1,774.46, and that there are in his possession goods of the value of $380.00, making a total of $2,154.46, and within $13.00 of the full amount of the appraisement.

*Molony & Molony*, for estate.
*W. G. Williams, contra.*

Estate of Wm. Wakefield, Deceased.

GOEBEL, J.

The course pursued by this administrator in the sale of this personal property was a direct violation of law ; and whether an administrator, under such circumstances, would be chargeable with the appraised value or actual value of such property, or only with the amount actually received by him, it is not necessary to consider in this case, since the appraisement and amount realized are about the same. It is sufficient to say that he had money in his hands to pay a dividend on the claims against the estate.

The only question in this case is, whether an administrator, who, having knowledge of a claim, and having funds in his hands, pays all other claims in full and that, too, without regard to their preference, and thereby exhausts the funds in his hands, is liable personally to such creditor for the full amount of his claim so unpaid.

Section 6108, Rev. Stat. provides that an administrator is not liable to the suit of a creditor of the deceased until after the expiration of eighteen months, except where a claim has been disputed or rejected by him. Nor can a creditor compel the payment of his claim until after the expiration of the eighteen months.

And by Section 6109 an administrator may, after the expiration of one year from the time he gave notice of his appointment, pay the debts due

Estate of Wm. Wakefield, Deceased.

from the estate, and not become personally liable to any other creditor in consequence of any such payment made before notice of the demand of such creditor, although the estate should be insufficient to satisfy such last mentioned creditor.

It would seem from the reading of this last section that an administrator may pay after the year from the time notice was given, without being personally liable to a creditor who had not presented his claim, or of which the administrator had no notice; but such administrator must pay the debts after the eighteen months.

Here was an administrator who had actual knowledge of this claim before and after the year. He had assets in his hands, which he could have applied to the payment of this claim, yet he saw fit to do otherwise. He paid all other claims in full.

It seems to me that if an administrator having notice of a claim of a creditor, shall, notwithstanding, pay all others in full, and thereby exhaust the funds in his hands so that such creditor would receive no part, such administrator is individually liable to such creditor for the full amount of his claim, although the payments to such other creditors were made after the eighteen months; and, notwithstanding that such omitted creditor may only have received a proportional part of his claim, if he had been considered in the general distribution.

The administrator could have protected himself without considering this creditor, knowing of his demands. The payments so made by him were in his own wrong.

There are other questions involved which are not necessary to consider. An order will be made directing this administrator to pay this claim in full.